# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

DEREK N. SHORTT, )
                 )
    Plaintiff,   )
                 )
v.               )   No.  2:23-CV-142-KAC-CRW
                 )
BUTCH GALLION, RONNIE LAWSON, )
SOUTHERN HEALTH PARTNERS,     )
INC., DESTINY ARNOLD, and     )
MAKAYLA LNU,                  )
                 )
    Defendants.  )

## MEMORANDUM AND ORDER

This is a prisoner's pro se action for violation of 42 U.S.C. § 1983. On August 13, 2024, the Court entered an order that, in relevant part: (1) directed the Clerk to send Plaintiff another inmate trust certificate; (2) noted that, in his complaint and letters in which he appeared to seek to supplement his complaint, "Plaintiff fail[ed] to consistently state which individual(s) he seeks to hold responsible for the claims he includes in his filings"; (3) gave Plaintiff thirty (30) days to return necessary *in forma pauperis* documents and file a single amended complaint listing (a) "each alleged violation of his constitutional rights" and (b) "the individual(s) responsible for each alleged violation"; (3) notified Plaintiff that at least some of the claims that he sought to bring in this action were not properly joined under Federal Rule of Civil Procedure 20(a)(2); (4) informed Plaintiff that any amended complaint he filed would completely replace his prior complaint; and (5) notified Plaintiff that if he included claims in his amended complaint that are not properly joined under Rules 20(a)(2) and 18(a), the Court would presume that he intends to proceed on his first listed claim and dismiss any misjoined claims without prejudice [Doc. 9 at 1-4 (emphasis omitted)]. Plaintiff responded to the Order by sending the Court a letter that includes

factual allegations regarding his claims under Section 1983 and his inmate trust account statement [*See* Doc. 13].

Considering the Court's previous Order and direction to Plaintiff, the Court liberally construes the relevant part of Plaintiff's letter as his Amended Complaint. For the reasons below, the Court grants Plaintiff's motion to proceed *in forma pauperis* [Doc. 1]. And the Court dismisses this action because Plaintiff's Amended Complaint [Doc. 13] fails to state a claim upon which relief may be granted under Section 1983.

I.  **MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee. *See* 28 U.S.C. § 1915(a). It appears from Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] and inmate trust account statement [Doc. 13 at 4-5] that Plaintiff cannot afford to pay the filing fee in one lump sum. Therefore, the Court **GRANTS** his motion for leave to proceed *in forma pauperis* [Doc. 1].

Plaintiff is **ASSESSED** the civil filing fee of three hundred fifty dollars ($350.00). The Court **DIRECTS** the custodian of Plaintiff's inmate trust account to submit to the Clerk, U.S. District Court, 220 West Depot Street, Greeneville, Tennessee 37743, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account is directed to submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds

ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. *See* 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Court **DIRECTS** the Clerk to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Court also **DIRECTS** the Clerk to furnish a copy of this Memorandum and Order to the Court's financial deputy. This Memorandum and Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another institution.

## II. COMPLAINT SCREENING

### A. Standard

Under the PLRA, a district court must screen a prisoner complaint and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in [Federal] Rule [of Civil Procedure] 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). To withstand PLRA review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. The Supreme Court has instructed that a district court should liberally construe pro se pleadings filed in a civil rights case and hold them to a less stringent standard than "formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

3

B.   **Background**

In the Amended Complaint, Plaintiff first sets forth various allegations about his difficulties obtaining his *in forma pauperis* documents from "1ST SGT ARMSTRONG" and Correctional Officer "Hoe" [Doc. 13 at 1]. Plaintiff also states that a grievance he filed regarding his attempts to obtain his *in forma pauperis* documents made "comments, threats, harass[ment], [and] [illegible] issues" with Corporal Horton, Corporal Shively, Correctional Officer Wolfe, and Correctional Officer "Hoe" much worse [*Id.*].

Plaintiff next asserts that unspecified individuals discriminated against him, overly punished him, and refused him "D-Board" and medical [*Id.*].

Plaintiff further claims that a Nurse "Gladson" threw away his contact lenses that were sealed and unopened rather than giving them to Plaintiff or placing them in his property [*Id.*].

Plaintiff also states that unspecified individuals put him in "troublesome areas" with cellmates who are also "troublesome" in order to get him in trouble [*Id.*].

Additionally, Plaintiff asserts that jail administrator Autumn Armstrong stated that they did not have to comply with the Court's Order and then "continu[ed] to harass [him] worse" [*Id.*]. According to Plaintiff, Armstrong then made rude and making threatening remarks to him in her office [*Id.* at 2].

Plaintiff further states that, on an unspecified date, Correctional Officer Wolfe threatened to knock Plaintiff's teeth down his throat and pushed him [*Id.*].

Plaintiff further states that an individual named "Emma Destiny Arnold" knew Plaintiff had experienced multiple surgeries on his heel, had a hard time climbing up and down, and should avoid ladders, steps, and jumping pursuant to a doctor's order, but Plaintiff still had to stay on a top bunk [*Id.* at 3].

4

Plaintiff lists the following individuals as people with whom he has had issues: Autumn Armstrong, Butch Gallion, Corporal Horton, Corporal Shively, Correctional Officer Hoe, Correctional Officer Wolfe, Nurse Destiny Emma, Sarah Gladson, Sherriff Ronnie Lawson, and Timekeeper Rachel Anderson [*Id.*]. As relief, Plaintiff seeks (1) to finish the rest of his sentence in Greene County or Washington County—not in Hawkins County where he is currently housed—or (2) that the Court "squash" the remainder of his sentence "due to the discrimination of not ever receiving any opportunity at trustee," even though he did not have a behavior problem [*Id.*].

**C.     Analysis**

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him of a federal right. 42 U.S.C. § 1983.

***First***, the Amended Complaint seeks as relief only a transfer to a different facility or a reduction of Plaintiff's sentence [*Id.*]. Neither of these requests for relief is cognizable. Specifically, to the extent that Plaintiff seeks speedier release from imprisonment, he must seek such relief through a petition for a writ of habeas corpus. *See Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (providing that the "sole federal remedy" for a prisoner seeking immediate or speedier release is a writ of habeas corpus). Additionally, Plaintiff does not have a constitutional right to be housed in any particular facility. And the Amended Complaint does not set forth any facts justifying the Court's interference into the administrative decision of where to house Plaintiff. *See Beard v. Livesay*, 798 F.2d 874, 876 (6th Cir. 1986) (citing *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976)); *LaFountain v. Harry*, 716 F.3d 944, 948 (6th Cir. 2013) (noting that, absent unusual circumstances, prison officials, rather than judges, should decide where a particular prisoner should be housed); *Glover v. Johnson*, 855 F.2d 277, 285-87 (6th Cir. 1988) (instructing that courts should not "attempt to administer any portion of a . . . correctional system program except in the

most compelling situations"). So, the Court would dismiss the Amended Complaint on that ground.

***Second***, none of the allegations in the Amended Complaint allow the Court to plausibly infer a violation of Plaintiff's constitutional rights. As set forth above, in its previous Order, the Court instructed Plaintiff to file a single amended complaint listing "(1) each alleged violation of his constitutional rights and (2) the individual(s) responsible for each alleged violation," which would replace his prior complaint [Doc. 9 at 4]. The Court also notified Plaintiff that (1) his prior filings "fail[ed] to consistently state which individual(s) he seeks to hold responsible for the claims he includes in his filings"; (2) Rule 20(a)(2) allows a plaintiff to sue multiple defendants only where "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action"; and (3) if Plaintiff included claims that are not properly joined under Rule 20(a)(2) and Rule 18(a) in any amended complaint, the Court would presume that he intends to proceed as to his first listed claim and dismiss any other misjoined claims without prejudice [*Id.* at 2-4]. Despite these instructions, the Amended Complaint contains factual allegations that do not identify who Plaintiff seeks to hold responsible and unrelated claims against different Defendants [*See* Doc. 13 at 1-3]. The Court now analyzes the Amended Complaint consistent with the instructions and admonitions that it gave before.

The first allegations in the Amended Complaint relate to Plaintiff's difficulties obtaining the necessary *in forma pauperis* documents [Doc. 13 at 1]. But those allegations appear to be made to explain Plaintiff's delay in providing the necessary *in forma pauperis* documents to the Court, rather than as a substantive attempt to seek relief under Section 1983. Accordingly, for

6

Plaintiff's benefit, the Court does not infer that those allegations are the first claim Plaintiff seeks to bring in his Amended Complaint.

Instead, and to Plaintiff's benefit, Plaintiff begins his substantive requests for Section 1983 relief by asserting that a grievance he filed regarding obtaining *in forma pauperis* documents led to much worse "comments, threats, harass[ment], [and] [scribbled out word] issues" from Corporal Horton, Corporal Shively, Correctional Officer Wolfe, and Correctional Officer "Hoe" [*Id.* at 1]. This appears to be a claim for retaliation. The only other potential claims in the Amended Complaint that may be properly joined with this retaliation claim under Rule 20(a)(2) are Plaintiff's claims based on his allegations that (1) Autumn Armstrong was rude to him and harassed him, and (2) Correctional Officer Wolfe threatened to knock Plaintiff's teeth out and pushed him on an unspecified date. *See* Fed. R. Civ. P. 20(a)(2); *see, e.g.*, *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("A buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner). And the Court **DISMISSES** any other intended claims **without prejudice** under Rule 20(a)(2).

Analyzing the three remaining claims in the Amended Complaint, none plausibly alleges a constitutional violation.

### 1. Retaliation Claim

Plaintiff's allegations underlying his retaliation claim against Corporal Horton, Corporal Shively, Correctional Officer Wolfe, and Correctional Officer "Hoe" are conclusory and therefore fail to state a claim upon which relief may be granted. A retaliation claim requires a plaintiff to show three things: (1) he "engaged in protected conduct; (2) an adverse action was taken against

7

[him] that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538–39 (6th Cir. 1987)).

Plaintiff does not set forth any facts from which the Court can plausibly infer that Corporal Horton, Corporal Shively, Correctional Officer Wolfe, and Correctional Officer "Hoe" knew of any grievance Plaintiff filed. The Amended Complaint alleges that Correctional Officer "Hoe" knew that Plaintiff had requested *in forma pauperis* documents, but Plaintiff does not provide facts from which the Court can plausibly infer what, if any, action Correctional Officer "Hoe" took towards Plaintiff because of the request. Instead, Plaintiff makes only conclusory allegations that "comments, threats, harass[ment], [and] [illegible] issues" from Corporal Horton, Corporal Shively, Correctional Officer Wolfe, and Correctional Officer "Hoe" became worse after he filed a grievance [*See* Doc. 13 at 1]. The Amended Complaint does not provide any specific facts or examples regarding how any of the alleged actors treated Plaintiff. As such, these allegations do not allow the Court to plausibly infer that Correctional Officer "Hoe" treated Plaintiff in a way that would deter a reasonably firm prisoner from continuing to engage in protected conduct due to Plaintiff requesting his *in forma pauperis* documents, and they are therefore not sufficient to state a plausible Section 1983 retaliation claim. *Thaddeus-X*, 175 F.3d at 394; *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim); *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice."); *Quisenberry v. Valentine*, No. 3:23-CV-P393-JHM, 2024 WL 1261911, at *2, 5 (W.D. Ky. Mar. 25, 2024) (holding that the plaintiff's assertion that a defendant housed a dangerous inmate near him "because I filed grievance" was conclusory and therefore did not state a plausible Section 1983 retaliation claim).

### 2. Autumn Armstrong Claim

The Amended Complaint likewise lacks facts sufficient for the Court to plausibly infer that Autumn Armstrong's alleged actions toward Plaintiff rise to the level of a constitutional violation [*See* Doc. 13 at 2]. Without more, generally, remarks that are rude and may be viewed as threatening do not rise to a Constitutional violation. *See Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) (finding verbal abuse and harassment do not constitute "punishment" in the constitutional sense or otherwise raise a constitutional issue). The Amended Complaint does not plead more here [*See* Doc. 13 at 2]. Therefore, it fails to state a claim.

### 3. Correctional Officer Wolfe Claim

The only remaining allegations properly before the Court are the allegations that Correctional Officer Wolfe threatened to knock Plaintiff's teeth out and pushed him on an unspecified date. The Court liberally construes these allegations as an attempt to state a claim for violation of the Eighth Amendment.[1] However, here again, without more, threats or verbal abuse are generally not sufficient alone to state a claim under the Eighth Amendment. *See Mahaffey v. Bureau of Prisons*, No. 5:24-CV-038-KKC, 2024 WL 4794494, at *2 (E.D. Ky. Nov. 14, 2024) (noting that "mere threats or verbal abuse are insufficient to state a claim under the Eighth Amendment" (citing *Pasley v. Conerly*, 345 F. App'x 981, 984 (6th Cir. 2009)). The Amended

---

[1] Because Plaintiff alleges that he is serving a sentence, and hence convicted, the Court addresses these allegations under the Eighth Amendment. *See Lawler as next friend of Lawler v. Hardeman Cnty., Tenn.*, 93 F.4th 919, 926 (6th Cir. 2024).

9

Complaint provides no more than [*See* Doc. 13]. And these allegations are not sufficient to state a claim. But the Court will **DISMISS** each of the claims at issue **without prejudice** in the event that Plaintiff could assert more facts at a later date.

### III. CONCLUSION

As set forth above:

1. The Court **GRANTED** Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1], **ASSESSED** the civil filing fee of $350.00, **DIRECTED** the custodian of Plaintiff's inmate trust accounts to submit the filing fee to the Clerk in the manner set forth above, and **DIRECTED** the Clerk to provide a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy; and

2. The Court **DISMISSED** all of Plaintiff's claims **without prejudice.**

Further, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24. Therefore, should Plaintiff file a notice of appeal, he is **DENIED** leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24. An appropriate judgment shall enter.

**SO ORDERED.**

**ENTER:**

                                        /s/ Katherine A. Crytzer
                                        KATHERINE A. CRYTZER
                                        United States District Judge